IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        No. CV 12-0654 JP/ACT
                                             CR 08-0797 JP

DANIEL J. RYAN IV,

        Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

        This matter is before the Court on Defendant's response (CV Doc. 4; CR Doc. 58) to the Court's Order to Show Cause. The order required Defendant to show cause why his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence should not be dismissed as untimely. Defendant's response does not show cause to excuse the untimely filing, and the Court will dismiss his § 2255 motion.

        As noted in the show cause order, the Court entered judgment (CR Doc. 50) on Defendant's conviction on April 5, 2010. Defendant did not appeal the conviction or sentence, and thus his conviction became final in late April, 2010, when his time to appeal expired. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006); *and see United States v. Sandoval*, 371 F. App'x 945, 948 n.2 (10th Cir. 2010). On June 15, 2012, more than two years after his conviction became final, Defendant filed this § 2255 motion.

        In his § 2255 motion and his response to the order to show cause, Defendant implicitly asserts that equitable tolling excuses the late filing of his § 2255 motion. "Equitable tolling of the

limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.' " *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). In support of his tolling argument, Defendant alleges only that his lawyers did not advise him of his right to challenge his sentence, and the U.S. Marshal has prevented him from receiving "the documents I wrote questioning the plea agreement," which were stored away from the prison.

Defendant's allegations do not make an adequate showing of diligent pursuit of his claims or extraordinary circumstances. *See Gabaldon*, 522 F.3d at 1124-27 (discussing diligent efforts and extraordinary circumstances); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). In the first place, waiting two years to pursue post-conviction remedies does not indicate diligence, *see Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *but cf. Gabaldon*, 522 F.3d at 1124 (alleging facts showing diligence may warrant tolling), and he makes no allegation of earlier attempts to file. Defendant's lack of knowledge regarding § 2255 proceedings does not excuse his delays. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (§ 2254 proceeding). Nor does Defendant's lack of access to his documents amount to an extraordinary circumstance that might justify tolling of the limitation period. *See Washington v. United States*, No. 99-3383, 2000 WL 985885, at **2 (10th Cir. July 18, 2000) (denying tolling for inability to obtain transcripts); *and cf. Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying tolling for lack of access to legal materials). Because Defendant's allegations fail to establish equitable tolling, the Court will dismiss his § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 54) is DISMISSED with prejudice as untimely filed; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE